IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| In re:<br><br>**PLATINUM MOVING SERVICES, INC.**<br>Debtor. | Case No. 22-17189-LSS<br>(Chapter 11) |
|---|---|

**UNITED STATES TRUSTEE'S LIMITED OBJECTION**
**TO APPLICATION TO EMPLOY COUNSEL**

John P. Fitzgerald, III, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby submits this objection to the Debtor's Application to Employ Counsel ("Application") (Dkt. 4). The Debtor, Platinum Moving Services, Inc., seeks to retain Diane Valle ("Counsel") as its attorney. The United States Trustee does not object to the Debtor's selection of Counsel as its attorney. The United States Trustee's objection is limited to Counsel's statement that the retainer that she received was "earned upon receipt.". In support of this objection, the United States Trustee states as follows:

1. On December 28, 2022, the Debtor filed a voluntary bankruptcy petition under Chapter 11, Subchapter V.

2. The United States Trustee has appointed Angela Shortall as the Subchapter V Trustee.

3. The Debtor has filed the Application to retain Counsel as its attorney. In the Application, its states that "Ms. Valle charged a retainer of $6,500 that would be fully earned upon the filing of this Case." United States Trustee has confirmed that Counsel is currently still holding the $6,500 in her escrow account. Counsel has informed the United States Trustee the Debtor owes her at least $6,500 for prepetition services. The Debtor, however, cannot pay Counsel from an asset of the estate for her prepetition services without a Court order. Counsel,

1

therefore, needs to submit an application for compensation pursuant to Section 330 of the Bankruptcy Code before she can apply the retainer to her prepetition fees. *In re Mcdonald Bros. Construction, Inc.*, 114 B.R. 989 (Bankr. N.D. Ill. 1990). The *McDonald Bros. Construction* case held as follows:

> Any professional seeking compensation from the estate must comply with the fee application process. Rule 2016(a) so provides: "An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate *shall* file with the court an application ..." (emphasis added). Moreover, if a professional in possession of estate funds takes the funds as compensation without a court order, that professional would violate the automatic stay. 11 U.S.C. § 362(a)(3) (prohibiting "any act ... to exercise control over property of the estate"). Similarly, a debtor in possession who transferred estate funds to a professional without court order would violate Section 363(b), which requires court approval, after notice and hearing, before estate property is used outside of the ordinary course of the debtor's business (and the employment of bankruptcy professionals would presumably not be in the ordinary course of business

*Id.* at 994. Counsel must file a fee application and obtain Court approval prior to taking the escrow funds because the escrow funds are estate funds, which are held in trust. *In re Printing Dimensions, Inc,.* 153 B.R. 715 (Bankr. D. Md. 1993) ("The retainer is characterized as property of the estate). In *Printing Dimensions*, the Honorable Judge Derby held as follows:

> Approval of the bankruptcy court must be obtained before the retainer may be applied. Matter of Colin, supra, 44 B.R. at 712; *In re Kinderhaus Corp., supra*, 58 B.R. at 97; *In re Tri–County Water Ass'n, Inc., supra*, 91 B.R. at 550; In re C & P Auto Transport, Inc., supra, 94 B.R. at 691. To allow application of the retainer without bankruptcy court approval would emasculate the specific requirements of § 331 for an award of interim compensation. *In re Chapel Gate Apartments Ltd., supra,* 64 B.R. at 573; *In re C & P Auto Transport, Inc., supr*a, 94 B.R. at 689.

*Id.* at 719.

   4.  Moreover, in *Printing Dimensions*, the Court rejected the concept of retainers being earned upon receipt. *Id.* "Words in a retainer agreement such as "nonrefundable", "earned on receipt", or "fully earned" do not alter the result, because the bankruptcy court has a

paramount obligation to approve fee arrangements as reasonable." Id.

5. Pursuant to Local Bankr. R. 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Court in this matter.

WHEREFORE, for the foregoing reasons, the United States Trustee requests that this Court enter an Order modifying the Order approving the Application to require Counsel to file a fee application before applying the retainer, and granting such other and further relief as this Court deems necessary and appropriate.

Dated: January 5, 2023                    Respectfully submitted,

**JOHN P. FITZGERALD, III**
United States Trustee for Region 4
By Counsel:


*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar No. 10025
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
Tel.: (301) 344-6219
Fax: (301) 344-8431
Email: lynn.a.kohen@usdoj.gov

3

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 5, 2023, I caused to be served a true and correct copy of the foregoing United States Trustee's Limited Objection to Application to Employ Counsel upon the following:

- **Shanna Kaminski**    skaminski@kaminskilawpllc.com
- **Lynn A. Kohen**    lynn.a.kohen@usdoj.gov
- **L. Jeanette Rice**    Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **Bradshaw Rost**    brost@tspclaw.com
- **Angela L. Shortall**    ashortall@3cubed-as.com, md70@ecfcbis.com
- **US Trustee - Greenbelt**    USTPRegion04.GB.ECF@USDOJ.GOV
- **Diana Carolina Valle**    diana.valle@vallelawfirm.com

                                                                 */s/ Lynn A. Kohen*
                                                                Lynn A. Kohen