**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br><br>**PLATINUM MOVING SERVICES, INC.**<br>Debtor. | **Case No. 22-17189-LSS**<br>**(Chapter 11)** |

**UNITED STATES TRUSTEE'S OBJECTION
TO MOTION TO SHORTEN TIME TO RESPONSD
TO EMERGENCY MOTION FOR AN ORDER
APPROVING INTERIM AND FINAL USE OF CASH COLLATERAL
AND GRANTING ADEQUEATE PROTETION**

John P. Fitzgerald, III, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby submits this objection to the Debtor's Moton to Shorten Time to Respond to Emergency Motion for an Order Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection ("Motion to Shorten Time").  In support of this objection, the United States Trustee states as follows:

1. On December 28, 2022, the Debtor filed a voluntary bankruptcy petition under Chapter 11, Subchapter V.

2. The United States Trustee has appointed Angela Shortall as the Subchapter V Trustee.

3. At approximately 12:30 p.m. today (January 5, 2023), which is over week after the Petition Date, the Debtor filed a Motion to Use Cash Collateral.  According to the Certificate of Service only a few parties were served by ECF.  Most of the creditors and other parties-in-interest were served by first-class mail.  No one was served by fax or by email.  At approximately 3:00 today (January 5, 2023), the Debtor has filed the Motion to Shorten Time.  Like the Motion to Use Cash Collateral, the Motion to Shorten Time was served by ECF on a

1

few parties. Most of the creditors and other parties-in-interest were served by first-class mail. No one was served by fax or email.

4. The Debtor requests that the deadline to respond to its Motion to Use Cash Collateral be shortened to today (January 5, 2023) or as soon as possible. The United States Trustee cannot think of a case in which creditors and parties-in-interest were given just a few hours to respond to a motion to use cash collateral. Even if this case presented unique circumstances where a few hours-notice was mandated, the Debtor would have had to ensure that the creditors and parties-in-interest received notice of the Motion to Use Cash Collateral and the Motion to Shorten Time. The Debtor has not given proper notice. As stated above, the Debtor served the Motion to Use Cash Collateral and Motion to Shorten Time by first-class mail (as opposed to email, fax, or even overnight federal express). Thus, the Debtor is requesting that the Court set a deadline to respond BEFORE most creditors and parties-in-interest will receive a copy of the motions. This is patently unfair.

5. Even if proper notice was given, the Debtor does not support its request for an emergency hearing. The primary reason for the Motion to Shorten Time is that the Debtor anticipates that the shippers will not release shipments to customers if the shippers are not paid. If the shippers are carrying estate property, then the failure to release that shipment may be violation of the Automatic Say. If the shippers are not carrying estate property, then there is no harm to the estate. The Debtor is also concerned that if it does not pay storage fees then its inventory could be at risk. The automatic stay prevents the storage units from taking any negative action against the Debtor and its inventory.

6. Lastly, the Debtor does not explain why it waited over a week to file the Motion to Use Cash Collateral.

7.      Given the mode of service and only if the Court finds that there is cause to grant the Motion to Shorten Time, the United States Trustee requests that the deadline to respond to the Motion to Use Cash Collateral be not be less than five (5) days.

8.      Pursuant to Local Bankr. R. 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Court in this matter.

WHEREFORE, for the foregoing reasons, the United States Trustee requests that this Court deny the Motion to Shorten Time and grant such other and further relief as this Court deems necessary and appropriate.

Dated: January 5, 2023                    Respectfully submitted,

**JOHN P. FITZGERALD, III**
United States Trustee for Region 4
By Counsel:

*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar No. 10025
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
Tel.: (301) 344-6219
Fax: (301) 344-8431
Email: lynn.a.kohen@usdoj.gov

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on January 5, 2023, I caused to be served a true and correct copy of the foregoing United States Trustee's Objection to Motion to Shorten Time upon the following:

- **Shanna Kaminski** skaminski@kaminskilawpllc.com
- **Lynn A. Kohen** lynn.a.kohen@usdoj.gov
- **L. Jeanette Rice** Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **Bradshaw Rost** brost@tspclaw.com
- **Angela L. Shortall** ashortall@3cubed-as.com, md70@ecfcbis.com
- **US Trustee - Greenbelt** USTPRegion04.GB.ECF@USDOJ.GOV
- **Diana Carolina Valle** diana.valle@vallelawfirm.com

               */s/ Lynn A. Kohen*
               Lynn A. Kohen