**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br><br>**PLATINUM MOVING SERVICES, INC.**<br>Debtor. | **Case No. 22-17189-LSS**<br>**(Chapter 11)** |

**UNITED STATES TRUSTEE'S OBJECTION
TO EMERGENCY MOTION FOR AN ORDER
APPROVING INTERIM AND FINAL USE OF CASH COLLATERAL
AND GRANTING ADEQUEATE PROTETION**

John P. Fitzgerald, III, Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby submits this objection to the Debtor's Emergency Motion for an Order Approving Interim and Final Use of Cash Collateral and Granting Adequate Protection ("Cash Collateral Motion"). In support of this objection, the United States Trustee states as follows:

1. On December 28, 2022, the Debtor filed a voluntary bankruptcy petition under Chapter 11, Subchapter V.

2. The United States Trustee has appointed Angela Shortall as the Subchapter V Trustee.

3. On January 5, 2023, the Debtor filed the Cash Collateral Motion. Dkt. 21. The Debtor attaches a Budget to the Cash Collateral Motion. The United States Trustee objects to to the Debtor's request to pay several expenses on the Budget.

4. If the Debtor is allowed to pay all the expenses on the Budget, then the Debtor anticipates in the first week a net operating loss of $4,588 and a total loss of $37,338 after non-operating losses are paid. The Debtor is seeking to deplete its cash balance by more than 80%.

5. The Debtor includes several expenses on its Budget which cannot and should not

1

be paid on an emergency basis and maybe not at all until a plan is approved. For example, the Debtor includes as in Operating Disbursements the payment of $1,1150 for "Accounts payable". Given that this bankruptcy case is only a week old, presumably "Accounts payable" include pre-petition unsecured debt, which should not be paid post-petition without a plan. If the "Accounts payable" include only post-petition expenses, then the Debtor should provide a more detailed description of what is included in its weekly payment of $1,150.

6. The Debtor also includes payments on a weekly basis that are generally paid once a month or even longer including $675 a week for rent and $575 a week for licenses. The Debtor should only include these expenses for the week that the expenses are actually paid. For example, if rent is $2,700 and is due on February 1, 2023, then the Debtor should include in its Budget the $2,700 rent expense in week 4 and no rent expenses in weeks 1 -3.

7. The Debtor also includes on its Budget a payment of $350 a week for "Consultation Fees." The Debtor provides no explanation as to what constitutes "Consultation Fees". The Debtor should provide an explanation as to what it considers "Consultation Fees" so that the Court can determine whether the payment thereof will avoid immediate and irreparable harm to the estate.

8. The Debtor also includes in its Budget for Week 1 payments to unsecured creditors that it claims it would have paid but for the garnishment of its bank account, including the following:

> November 2022 Liability Insurance $ 2,400.00
> Accountant fees to Betty Castillo $ 4,200.00
> Corporate counsel attorney fees $ 2,552.00
> Raquel Fazio salary $ 3,395.00
> November 2022 consulting fees $ 3,703.00
> November 2022 storage fees $ 6,000.00
> November 2022 rent $ 2,600.00
> Misc office expenses (utilities, etc…) $ 7,900.00

9. These creditors have pre-petition debts that should only be paid through a plan. If the Debtor believes that some of these creditors are critical vendors, then the Debtor needs to file an appropriate motion. That being said, none of the creditors appear to be critical vendors.

10. Lastly, the Budget does not contain any payment to the Subchapter V Trustee. The Debtor should pay the Subchapter V Trustee a retainer.

11. The Pursuant to Local Bankr. R. 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Court in this matter.

WHEREFORE, for the foregoing reasons, the United States Trustee requests that this Court only approve the Cash Collateral Motion for the payment of expenses that will avoid immediate and irreparable harm to the estate and deny the Debtor's request to pay any other expense until a final hearing on the Cash Collateral Motion, and for such other and further relief as this Court deems necessary and appropriate.

Dated: January 6, 2023                           Respectfully submitted,

                                                 JOHN P. FITZGERALD, III
                                                 United States Trustee for Region 4
                                                 By Counsel:


                                                 */s/ Lynn A. Kohen*
                                                 Lynn A. Kohen, Bar No. 10025
                                                 6305 Ivy Lane, Suite 600
                                                 Greenbelt, MD  20770
                                                 Tel.: (301) 344-6219
                                                 Fax: (301) 344-8431
                                                 Email: lynn.a.kohen@usdoj.gov

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on January 6, 2023, I caused to be served a true and correct copy of the foregoing United States Trustee's Objection to Motion to Shorten Time upon the following:

- **Shanna Kaminski**   skaminski@kaminskilawpllc.com
- **Lynn A. Kohen**   lynn.a.kohen@usdoj.gov
- **L. Jeanette Rice**   Jeanette.Rice@usdoj.gov, USTPRegion04.GB.ECF@USDOJ.GOV
- **Bradshaw Rost**   brost@tspclaw.com
- **Angela L. Shortall**   ashortall@3cubed-as.com, md70@ecfcbis.com
- **US Trustee - Greenbelt**   USTPRegion04.GB.ECF@USDOJ.GOV
- **Diana Carolina Valle**   diana.valle@vallelawfirm.com

              */s/ Lynn A. Kohen*
              Lynn A. Kohen